Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Raina C. Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
Brittany Resch (to be admitted *Pro Hac Vice*)
brittanyr@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ODETTE R. BATIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUN & BRADSTREET HOLDINGS, INC.,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344; CALIFORNIA MISAPPROPRIATION OF NAME OR LIKENESS; AND CALIFORNIA UCL<br><br><u>CLASS ACTION</u><br>**<u>JURY TRIAL DEMANDED</u>** |

CLASS ACTION COMPLAINT

## NATURE OF ACTION

1. Plaintiff Odette R. Batis ("Plaintiff") and members of the proposed class (the "Class" or "Class members") seek damages, an injunction, and additional relief from Defendant Dun & Bradstreet Holdings, Inc. ("Dun & Bradstreet"). Dun & Bradstreet used Plaintiff's and Class members' names, personal information, and personas to promote paid subscriptions to the "D&B Hoovers" website without consent in violation of California's right of publicity statute, Cal. Civ. Code § 3344; California common law prohibiting misappropriation of a name or likeness; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code. § 17200 *et seq*.

2. Plaintiff and Class members are private individuals who have no relationship with Defendant Dun & Bradstreet or the website it owns and operates at www.app.dnbhoovers.com (the "D&B Hoovers" website). Plaintiff and the Class have never used the D&B Hoovers website, nor did they provide their names, contact information, professional histories, personas, or any other personal information to Dun & Bradstreet.

3. Plaintiff was seriously distressed to discover that Dun & Bradstreet is using her name and personal information to advertise subscriptions to the D&B Hoovers website without her consent.

4. Plaintiff and the Class did not consent to Dun & Bradstreet using their names, contact information, job titles, work histories, identities of their colleagues, and other personal information to promote D&B Hoovers subscriptions. Nor did they consent to Dun & Bradstreet selling access to their names, contact information, job titles, work histories, identities of their colleagues, and other personal information as part of its D&B Hoovers subscription product.

5. The D&B Hoovers database contains the names, personal information, and personas of hundreds of millions of individuals, including tens of millions of Californians.

6. A subscription to the D&B Hoovers database costs in excess of $10,000 per year. Dun and Bradstreet sells the D&B Hoovers database to salespeople and marketers. D&B Hoovers subscribers use the personal information in the D&B Hoovers database to send

personalized sales and marketing communications to the individuals who appear in the D&B Hoovers database, including Plaintiff and Class members.

7. Dun and Bradstreet advertises and promotes the D&B Hoovers database by publicly displaying profiles of the Plaintiff and Class members showing their names, contact information, job titles, place of work, and the identities of their work colleagues.

8. Users who sign up for a free trial of the D&B Hoovers database may view, and have viewed, the profiles containing the names, personal information, and personas of Plaintiff and the Class.

9. During the free trial, users who attempt to download Plaintiffs' and Class members' personal information are told they must purchase a subscription to receive a download.

10. After the free trial expires, users must purchase a subscription to continue viewing and using Plaintiffs' and Class members' personal information.

11. Dun & Bradstreet does not present Plaintiff's and Class members' profiles simply as samples advertising access to a single profile. Rather, Dun & Bradstreet uses Plaintiff's and Class members' names and personal information to advertise paid subscriptions to the D&B Hoovers database, which provides access to profiles of hundreds of millions of individuals, information about millions of companies, and many additional services.

12. Dun & Bradstreet is the sole author, designer, and implementor of the advertisements and searchable database giving rise to this lawsuit. Dun & Bradstreet does not host user-generated content. Dun & Bradstreet is the sole curator, designer, and creator of the content described in this Complaint, including the profiles of Plaintiff and Class members it uses to advertise subscriptions, and the on-site messages it uses to convert free trial users to paying subscribers.

13. Plaintiff's and Class members' names, personal information, photographs, likenesses, and personas have commercial value. This commercial value is demonstrated by the exploitation of their names, personal information, photographs, likenesses, and personas for commercial gain by Dun & Bradstreet and Dun & Bradstreet's competitors.

14. In public statements to its investors, Dun & Bradstreet has touted the commercial value of Plaintiff's and Class members' personal information, which it falsely claims to own. In a section of its 2020 annual report entitled "Our Competitive Strengths," Dun & Bradstreet states that one of its competitive strengths is "[o]ur owned, proprietary data sets [which] include . . . personal contact data."[1]

15. Plaintiff does not know how Dun & Bradstreet obtained her name, contact information, place of work, names and contact information of her colleagues, and additional personal information.

16. Dun & Bradstreet misappropriated Plaintiff's and Class members' names, contact information, job titles, places of work, and other personal information without consent from Plaintiff or the Class.

17. Consent is not all or nothing. Plaintiff and the Class may have shared their names, contact information, job descriptions and job titles with certain chosen companies or individuals in a variety of contexts. For example, Plaintiff or Class members may have consented to the posting of their names on the website of the company for which they work, or on a professional networking site.

18. Plaintiff and the Class did not consent to the commercial use of their names and personal information to promote subscriptions to a Dun & Bradstreet website with which they have no relationship, and which exists to enable salespeople and marketers to target Plaintiff and the Class with unwanted solicitations.

19. Plaintiff and the Class did not consent to Dun & Bradstreet selling access to their names and personal information as part of its D&B Hoovers database.

20. California law recognizes the intellectual property and privacy rights of California citizens in controlling the use of their names and personas for commercial purposes.

---

[1] Dun & Bradstreet Holdings, Inc., 2020 Annual Report, at pg. 8, available at https://s25.q4cdn.com/994808080/files/doc_financials/2020/ar/DunBradstreet_2020_AR_Final.pdf

CLASS ACTION COMPLAINT                     4

21. By using Plaintiff's and Class members' names and personas in advertisements for website subscriptions without consent, Dun & Bradstreet has violated their intellectual property and privacy rights. Plaintiff and the Class have the right not to have their personas exploited to promote a product with which they have no relationship and which they have no interest in supporting. Plaintiff and the Class have an economic interest in their personas, which Dun & Bradstreet has taken, and a privacy interest in their personas, which Dun & Bradstreet has violated.

22. By these actions, Dun & Bradstreet has violated the California Right of Publicity, codified in Cal. Civ. Code § 3344, California common law prohibiting misappropriation of a name or likeness, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

23. Plaintiff and Class members have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through Dun & Bradstreet's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind.

24. Plaintiff and Class members are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their names and personas, restitution of the value of their names and personas, an injunction prohibiting Dun & Bradstreet's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

**JURISDICTION AND VENUE**

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative Class are citizens of a state different from at least one defendant. Defendant Dun & Bradstreet Holdings, Inc. is incorporated in Delaware and has its principal place of business in Jacksonville, Florida. Dun & Bradstreet recently changed the location of its corporate headquarters. Prior to February 2022, Dun & Bradstreet had its principal place of business in Short Hills, New Jersey. Plaintiff is a citizen and resident of California who seeks to represent a class of Californians. (B) The D&B Hoovers website and database contains profiles on hundreds of millions of individuals, all of

which are used in the advertising techniques described in this Complaint and sold as part of Dun & Bradstreet's subscription products. While Dun & Bradstreet does not publish statistics breaking down the number of profiles by state, a conservative estimate places the number of profiles of Californians in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for statutory damages "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as well as "any profits from the unauthorized use." The statute also allows for punitive damages and the award of attorneys' fees and costs. Because Dun & Bradstreet uses the names and personal information of millions of Class members to advertise its website, the amount in controversy is well over the jurisdictional limit.

26. Dun & Bradstreet maintains at least two offices in California: one in San Mateo, and one in Malibu. Based on publicly available job postings, Plaintiff believes Dun & Bradstreet employs software engineers and other technology workers at its San Mateo office, in the Northern District of California. Plaintiff is informed and believes that employees at Dun & Bradstreet's San Mateo office have performed work and made decisions related to the D&B Hoovers product that is the basis for Plaintiff's claim.

27. This Court has specific personal jurisdiction over Dun & Bradstreet because a significant portion of the events giving rise to this lawsuit occurred in this state, including: Dun & Bradstreet's copying of Plaintiff's and Class members' personal information from online sources; Dun & Bradstreet's display of Plaintiff's and Class members' profiles in advertisements available to the public online; Dun & Bradstreet's failure to obtain required consent from Class members who reside in California; Dun & Bradstreet's violation of the intellectual property rights of Class members who reside in California; and Dun & Bradstreet employees performing work and making decisions related to the D&B Hoovers product.

28. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

**PARTIES**

29. Plaintiff Odette R. Batis (formerly Mock) is a citizen of California. Ms. Batis resides in Antioch, California.

30. Defendant Dun & Bradstreet Holdings, Inc. is a Delaware corporation with its principal place of business in Jacksonville, Florida. Dun & Bradstreet recently changed the location of its corporate headquarters. Prior to February 2022, Dun & Bradstreet had its principal place of business in Short Hills, New Jersey. Defendant owns and operates the website and database D&B Hoovers.

**FACTUAL ALLEGATIONS**

31. Plaintiff Odette R. Batis (previously Mock) has no relationship with Dun & Bradstreet. She is not a subscriber of the D&B Hoovers database and website. She has never used D&B Hoovers or any other Dun & Bradstreet product.

32. Ms. Batis did not give consent to Dun & Bradstreet to use her name, personal information, or persona in any way. Had Dun & Bradstreet requested her consent, Ms. Batis would not have provided it.

33. Dun & Bradstreet uses Ms. Batis' name and persona in advertisements promoting subscriptions to its D&B Hoovers database and website. Dun & Bradstreet maintains a profile of personal information about Ms. Batis. The profile accurately states her name, job title, place of work, and telephone number. The profile uniquely identifies Ms. Batis.

34. Dun & Bradstreet publicly displays at least two versions of Ms. Batis' profile on the D&B Hoovers website. One version of Ms. Batis' profile is shown below. Plaintiff's counsel used image-editing software to obscure Ms. Batis' phone number. In the profile that appears on the D&B Hoovers database and website, this information is plainly visible.



CLASS ACTION COMPLAINT        7

35. Dun & Bradstreet publicly displays a second version of Ms. Batis' profile on the D&B Hoovers website, which is accessible after users click on Ms. Batis' name in the first profile shown above. The second profile includes additional personal information about Ms. Batis, including the identities of her work colleagues and "Triggers", which are events in Ms. Batis' life that D&B Hoovers believes "represent selling opportunities."

36. An illustrative screenshot of this second profile corresponding to an unnamed class member is shown below. On information and belief, D&B Hoovers displays a substantially similar profile for Ms. Batis. For privacy, Plaintiff's counsel have redacted the name and personal information of the unnamed class member.



CLASS ACTION COMPLAINT                8

37. Dun & Bradstreet provides a landing page on which members of the public can and have searched for Ms. Batis by name after signing up for a free trial of the D&B Hoovers database. Users may search for contacts including Ms. Batis and Class members either by typing their names in the "Search for Contacts" field at the top-right of the page, or by clicking "Search & Build a List" at the top-left.



CLASS ACTION COMPLAINT                9

38. Typing Ms. Batis' name or the name of another Class member in the "Search for Contacts" field yields a list of profiles in the D&B Hoovers database matching Ms. Batis' name. An illustrative screenshot of one such list is shown below. For privacy, Plaintiff's counsel redacted all names and contact information.



CLASS ACTION COMPLAINT  10

1  39. Users who attempt to download Ms. Batis' or other Class members' personal
2 information by clicking the "Download" button receive a pop-up message informing them that
3 they must obtain "Credits" with D&B Hoovers before they can download the information.
4 "Credits" are not provided to users of the free trial version of the D&B Hoovers website, which
5 Dun & Bradstreet makes available to the public. "Credits" are available only to paying
6 subscribers. To download Ms. Batis' and other Class members' personal information, users
7 must purchase a subscription to the D&B Hoovers website.



CLASS ACTION COMPLAINT                11

40. Free trial access last for a limited period of time, typically 24 hours. Users who attempt to search for and view Ms. Batis' and Class members' profiles after the free trial has expired are informed they must purchase a subscription to view Ms. Batis' and Class members' information.

41. The price of a D&B Hoover's subscription is more than $10,000 per year.

42. Dun & Bradstreet advertises that a subscription to the D&B Hoovers website and database will provide far more than just the ability to view and download Ms. Batis' personal information. A subscription delivers a variety of services, including: (1) the ability to search, access, and download contact information and personal information of hundreds of millions of individuals; (2) access to "comprehensive intelligence on more than 170 million business records"; (3) "real-time alerts, dynamically updating lists, and personalized buyer intent models."[2]

43. Dun & Bradstreet's sole purpose in using Ms. Batis' name, contact information, job title, and persona is to solicit subscriptions to the D&B Hoovers database and website.

44. Ms. Batis does not know how Dun & Bradstreet obtained her personal information without her consent.

45. Dun & Bradstreet misappropriated Ms. Batis' name, personal information, and persona without permission from Ms. Batis.

46. Ms. Batis has intellectual property and privacy interests in her name and persona recognized by California statutory and common law. She has the right to exclude anyone from making commercial use of her name and persona without her permission.

47. Dun & Bradstreet has injured Ms. Batis by taking her intellectual property without compensation; by invading her privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of her personal information and persona.

48. Dun & Bradstreet's illegal actions caused Ms. Batis mental injury and disturbed

---

[2] Quotes available at https://www.dnb.com/ca-en/products/marketing-sales/dnb-hoovers.html.

her peace of mind. Ms. Batis is deeply uncomfortable in the knowledge that Dun & Bradstreet is using her name and persona in advertisements for a product with which she has no relationship and which she has no desire to promote.

49. Ms. Batis believes her name and persona is rightly hers to control. Dun & Bradstreet's illegal use has left her worried and uncertain about her inability to control how her name and persona is used. Ms. Batis feels that Dun & Bradstreet's use of her name and persona is an alarming invasion of her privacy.

50. Ms. Batis believes Dun & Bradstreet's misappropriation and misuse of her name and persona encourages and enables harassing and unwanted sales and marketing communications.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and seeks to represent the following Class defined as:

> All (1) current and former California residents; (2) who are not subscribers of Dun & Bradstreet; (3) whose names and personal information Dun & Bradstreet incorporated in profiles used to promote paid subscriptions.

52. Excluded from the proposed Class are Plaintiff's counsel; Dun & Bradstreet, its officers and directors, counsel, successors, and assigns; any entity in which Dun & Bradstreet has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

53. The members of the proposed Class are so numerous that joinder of individual claims is impracticable. Dun & Bradstreet has profiles on millions of Californians in its D&B Hoovers database.

54. There are significant questions of fact and law common to the members of the Class. These include:

    a. Whether Dun & Bradstreet's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the knowing use without consent of

      another's name, photograph, or likeness on or in products or for purposes of advertising products within the meaning of Cal. Civ. Code § 3344;

b. Whether Dun & Bradstreet solicited and obtained written consent from Plaintiff and the Class prior to using their personas in advertisements promoting its website, as required by Cal. Civ. Code § 3344;

c. Whether Dun & Bradstreet's use of Plaintiff's and Class members' names and personal information in advertisements and as part of their subscription products falls within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344;

d. The amount of Dun & Bradstreet's "profits from the unauthorized use" of Plaintiff's and Class members' names and personal information;

e. Whether Dun & Bradstreet's conduct described in this Complaint violates California common law prohibiting misappropriation of a name or likeness; and

f. Whether Plaintiff and Class members are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

55. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by Dun & Bradstreet's misappropriation and misuse of their identifies, names, likenesses, personas, and other personal information in advertisements promoting Dun & Bradstreet subscriptions. Dun & Bradstreet presents its advertisements in the same way for each Class member.

56. Just as it did with Ms. Batis, Dun & Bradstreet appropriated the personal information and personas of all Class members without their permission or permission from the various sources from which it appropriated their information. Dun & Bradstreet's sole purpose in appropriating Class members' information and personas was to solicit the purchase of paid subscriptions. Dun & Bradstreet has injured the Class members by taking their intellectual property without compensation; by invading their privacy rights protected by statute and

common law; and by unlawfully profiting from its exploitation of their personal information.

57. The proposed class representative will fairly and adequately represent the proposed Class. The class representative's claims are co-extensive with those of the rest of the Class. Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

58. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Dun & Bradstreet's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

59. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Dun and Bradstreet has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

60. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**

**Violation of California Right of Publicity Statute, Cal. Civ. Code § 3344**

61. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

62. California's right of publicity statute prohibits the "knowing[] use[] of another's

name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

63. By engaging in the foregoing acts and omissions, Dun & Bradstreet used Plaintiff's and Class members' names and personas for commercial purposes without consent. Plaintiff's and Class members' names and personas have commercial value as demonstrated by Dun & Bradstreet's use and similar use by Dun & Bradstreet's competitors.

64. Each use of a Class members' name and personal information in a profile is a separate and distinct violation of Cal. Civ. Code § 3344.

65. Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

66. As a result of Dun & Bradstreet's violation of Cal. Civ. Code § 3344, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class members have been denied the economic value of their names, likenesses, and personas, which Dun & Bradstreet misappropriated without compensation to Plaintiff and the Class. Plaintiff and the Class members were denied their statutorily protected right to refuse consent and protect their privacy and the economic value of their names, likenesses, and personas. Plaintiff and the Class members suffered emotional disturbance from the misappropriation and misuse of their names and personal information.

67. On behalf of the Class, Plaintiff seeks: actual damages, including Dun & Bradstreet's profits from its misuse; statutory damages; compensatory damages for the royalties Dun & Bradstreet failed to pay; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting Dun & Bradstreet's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION

### Tort of Appropriation of a Name or Likeness

68. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

69. California common law recognizes the tort of "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 416 (Cal. Ct. App. 1983).

70. By engaging in the forgoing acts and omissions, Dun & Bradstreet (1) used the identities of Plaintiff and the Class in advertisements for subscriptions and as part of its subscription products; (2) appropriated Plaintiff's and Class members' names and personas to Dun & Bradstreet's commercial advantage; (3) failed to obtain Plaintiff's and Class members' consent; and (4) injured Plaintiff's and Class members' by causing harm both economic and emotional. *See Eastwood,* 149 Cal.App.3d at 417.

71. Plaintiff on behalf of the Class seeks monetary recovery in the amount of the commercial advantage Dun & Bradstreet's derived from its misuse, compensatory damages for Dun & Bradstreet's failure to pay royalties owed, and the entry of an injunction prohibiting Dun & Bradstreet's tortious acts.

## THIRD CAUSE OF ACTION

### California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

72. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

73. Dun & Bradstreet has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq*. ("UCL").

74. As described in this complaint, Dun & Bradstreet's misappropriation and use without consent of Plaintiff's and Class members' names, photographs, likenesses, and personal information is a violation of California's Right of Publicity statute, Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of a name or likeness.

75. By engaging in the conduct described in this complaint and violating California law, Dun & Bradstreet engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

76. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Dun & Bradstreet engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

77. As a result of Dun & Bradstreet's actions, Plaintiff and Class members have been injured. Plaintiff and Class members lost the economic value of their names, personas, and likenesses, and are entitled to restitution, declaratory relief, and an injunction. Plaintiff and Class members were denied their rights to refuse consent and protect their privacy.

**PRAYER FOR RELIEF**

78. WHEREFORE Plaintiff, individually and on behalf of the Class, requests the following relief:

(a) An order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

(b) A declaration that Dun & Bradstreet's acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on privacy and intellectual property rights, in violation of California law;

(c) Nominal damages awarded in recognition of Dun & Bradstreet's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

(d) Preliminary and permanent injunctive relief enjoining and preventing Dun & Bradstreet from continuing to operate its website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) Restitution for Plaintiff and members the class for the value that Defendants derived from misappropriating their names, personal information, and personas;

(f) An award of damages, including without limitation damages for actual harm, profits earned by Dun & Bradstreet in using misappropriated names and identities to sell subscriptions, reasonable royalties for the infringement of Plaintiff and Class members' intellectual property rights; and statutory damages;

(g) An award of reasonable attorneys' fees, expenses, and costs incurred by Plaintiff and the Class members; and

(h) Such other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: March 25, 2022                    By:     */s/ Michael F. Ram*
                                                    Michael F. Ram

                                            Michael F. Ram (SBN 104805)
                                            mram@forthepeople.com
                                            Marie N. Appel (SBN 187483)
                                            mappel@forthepeople.com
                                            MORGAN & MORGAN
                                            COMPLEX LITIGATION GROUP
                                            711 Van Ness Avenue, Suite 500
                                            San Francisco, CA 94102
                                            Telephone: (415) 358-6913
                                            Facsimile: (415) 358-6923

                                            Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
                                            LAW OFFICE OF BENJAMIN R. OSBORN
                                            102 Bergen St.
                                            Brooklyn, NY 11201
                                            Telephone: (347) 645-0464
                                            Email: ben@benosbornlaw.com

                                            Raina C. Borrelli (to be admitted *Pro Hac Vice*)
                                            raina@turkestrauss.com

(f) An award of damages, including without limitation damages for actual harm, profits earned by Dun & Bradstreet in using misappropriated names and identities to sell subscriptions, reasonable royalties for the infringement of Plaintiff and Class members' intellectual property rights; and statutory damages;

(g) An award of reasonable attorneys' fees, expenses, and costs incurred by Plaintiff and the Class members; and

(h) Such other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: March 25, 2022          By:     */s/ Michael F. Ram*
                                       Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Raina C. Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com

Brittany Resch
brittanyr@turkestrauss.com (to be admitted *Pro Hac Vice*)
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff
and the Proposed Class*