Ashley I. Kissinger (SBN 193693)
*KissingerA@ballardspahr.com*
**BALLARD SPAHR LLP**
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303.376.2407
Facsimile: 303.296.3956

Elizabeth L. Schilken (SBN 241231)
*SchilkenE@ballardspahr.com*
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

Michael R. O'Donnell (*pro hac vice*)
*MODonnell@RIKER.com*
Michael P. O'Mullan (*pro hac vice*)
*MOMullan@RIKER.com*
**RIKER DANZIG LLP**
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: 973.538.0800
Facsimile: 973.538.1984

*Attorneys for Defendant*
*Dun & Bradstreet Holdings, Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Odette R. Batis, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>Dun & Bradstreet Holdings, Inc.,<br><br>                              Defendant. | Case No. 3:22-cv-01924-MMC<br><br>**DEFENDANT DUN & BRADSTREET HOLDINGS, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

DMFIRM #413897346 v1

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Dun & Bradstreet Holdings, Inc. ("D&B"), by and through its undersigned attorneys, answers Plaintiff Odette R. Batis's Complaint and sets forth its affirmative and other defenses as follows. D&B denies each and every allegation in the Complaint except as expressly admitted below:

### NATURE OF ACTION[1]

1. D&B denies that it "used Plaintiff's and Class members' names, personal information, and personas to promote paid subscriptions to the 'D&B Hoovers' website." D&B is not obligated to answer the remaining allegations in Paragraph 1 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the remaining allegations in Paragraph 1 of the Complaint.

2. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. D&B denies that it is "using [Plaintiff's] name and personal information to advertise subscriptions to the D&B Hoovers website without her consent." D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore denies them.

4. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. D&B admits that Hoovers contains business information, including names and business contact information for individuals associated with entities and that some of those

---

[1] This document adopts the headings of the Complaint only for the Court's ease of reference. D&B disclaims any suggestion that it agrees with or admits any alleged statement contained in the headings.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

entities are in California, although Hoovers does not provide residential addresses. Hoovers does not contain private personal information of a non-business nature such as home addresses, home phone numbers, or social security numbers. D&B denies the remaining allegations in Paragraph 5 of the Complaint.

6. D&B admits that it offers several subscription plan options, which are available for various prices, through which Hoovers subscription holders may access and use the data in Hoovers as permitted pursuant to the terms of the subscription, and that sales and marketing are among the many uses of Hoovers. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to communications by third parties and whether they were directed to Plaintiff or other putative class members, and therefore denies them. D&B denies the remaining allegations in Paragraph 6 of the Complaint.

7. D&B denies the allegations in Paragraph 7 of the Complaint.

8. D&B admits that it offers a license to free trial users so they can familiarize themselves with the content and functionality within the publication, including the ability to search for an individual professional contact in Hoovers. D&B denies using Plaintiff's or proposed class members' private personal information of a non-business nature. D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies them.

9. D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information. D&B admits that, when a free trial user enters a search that returns the name of an individual professional contact associated with an entity contained in Hoovers, some of the information about that contact available in Hoovers is not able to be accessed by the free trial user. D&B otherwise denies the remaining allegations in Paragraph 9 of the Complaint.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

10. D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information. D&B admits that a free trial user's license to access Hoovers ends upon expiration of the free trial period and therefore to continue using Hoovers after the free trial has ended, a free trial user must either purchase a subscription or request an extension of the free trial. D&B otherwise denies the remaining allegations in Paragraph 10 of the Complaint.

11. D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information. D&B further denies that Hoovers "uses Plaintiff's and proposed class members' names and personal information to advertise paid subscriptions to the D&B Hoovers Database," to "advertis[e] access to a single profile," or to advertise anything at all. D&B admits that at any particular point in time, Hoovers, which is continuously updated, contains professional contact information for numerous persons affiliated with businesses, governments, and other entities, as well as other business information. D&B further admits that Hoovers' functionality enables the user to access and obtain the available information in Hoovers beyond access to profiles about companies and the professionals who are affiliated with them. D&B denies the remaining allegations in Paragraph 11 of the Complaint.

12. D&B denies that any of Plaintiff's allegations in this lawsuit describe "advertisements" by D&B. D&B admits that, since the date it acquired Hoovers, it is the sole designer of Hoovers, the sole curator of what information is contained within it, and the sole author of the on-site messages to free trial users. D&B denies the remaining allegations in Paragraph 12 of the Complaint.

13. D&B is not obligated to answer the allegations in Paragraph 13 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the allegations in Paragraph 13 of the Complaint.

14.  D&B refers to its 2020 annual report for the complete and accurate content thereof and otherwise denies the allegations in Paragraph 14 of the Complaint.

15.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.  D&B denies the allegations in Paragraph 16 of the Complaint.

17.  D&B is not obligated to answer the allegation in the first sentence of Paragraph 17 of the Complaint because it is not a factual allegation, but, instead, a legal conclusion. With respect to the remaining sentences in Paragraph 17 of the Complaint, D&B admits that Plaintiff and the proposed class members may have voluntarily shared information about themselves with others in a variety of contexts. D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore denies them.

18.  D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information.  D&B denies that it used Plaintiff and the proposed class members' information to promote subscriptions to Hoovers.  D&B denies that Hoovers "exists to enable salespeople and marketers to target Plaintiff and the Class with unwanted solicitations."  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies them.

19.  D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies them.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

20.    D&B is not obligated to answer the allegations in Paragraph 20 of the Complaint because they are not factual allegations but, instead, legal conclusions.  To the extent an answer is required, D&B denies the allegations in Paragraph 20 of the Complaint.

21.    D&B denies the allegations in Paragraph 21 of the Complaint.

22.    D&B denies the allegations in Paragraph 22 of the Complaint.

23.    D&B denies the allegations in Paragraph 23 of the Complaint.

24.    D&B denies the allegations in Paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25.    D&B admits that it is incorporated in Delaware and has its principal place of business in Jacksonville, Florida, and that prior to February 2022, D&B had its principal place of business in Short Hills, New Jersey.  D&B admits that Hoovers contains professional contact information for individuals believed to be associated with California businesses but Hoovers does not contain residential addresses.  D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information and that any of Plaintiff's allegations in this lawsuit describe "advertisements" by D&B.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of California residents whose professional contact information is in Hoovers, and therefore denies them. D&B is not obligated to answer the remaining allegations in Paragraph 25 of the Complaint because they are not factual allegations but, instead, legal conclusions.  To the extent an answer is required, D&B denies the remaining allegations in Paragraph 25 of the Complaint.

26.    D&B admits that it has had offices in San Mateo and Malibu, California but currently has no office in California and any employees in California work from home. At this stage of the litigation, D&B lacks knowledge or information sufficient to form a belief as to

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

DMFIRM #413897346 v1

5

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.    D&B denies that Hoovers contains Plaintiff's and proposed class members' personal information.  D&B further denies using Plaintiff's or proposed class members' professional contact information in advertisements.  D&B denies that Plaintiff's or any proposed class member's consent was required to engage in the activities D&B engaged in.  D&B denies violating any intellectual property rights of Plaintiff or any proposed class members.  At this stage of the litigation, D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and therefore denies them.

28.    D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

**PARTIES**

29.    D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30.    D&B admits the allegations in Paragraph 30 of the Complaint concerning its principal place of business and state of incorporation.  D&B further admits that Hoovers, including the Hoovers website, is owned and operated by D&B or one of its subsidiaries.  D&B otherwise denies the allegations of Paragraph 30 of the Complaint.

**FACTUAL ALLEGATIONS**

31.    At this stage of the litigation, D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

32.     D&B denies that Hoovers contains Plaintiff's personal information.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint and therefore denies them.

33.     D&B denies that Hoovers contains Plaintiff's personal information.  D&B further denies that it uses "advertisements" to "promot[e] subscriptions to its D&B Hoovers database and website."  D&B admits that Hoovers in general reflects the name, job title, employer address, and business (but not personal) telephone number, where available, of the individual professionals referenced in it.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint as to the accuracy of the specific information in Hoovers about Odette Batis at any particular point in time, and whether that information "uniquely identified" Plaintiff, and therefore denies them. D&B denies the remaining allegations in Paragraph 33 of the Complaint.

34.     D&B admits that Hoovers has contained the type of business contact information identified in paragraph 34 of the Complaint, which purports to identify Odette Mock as a municipal librarian at the City of Richmond, California.  D&B further admits that it displays this type of information in Hoovers, but only when it is responsive to a user's search query.  D&B lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 34 of the Complaint as to Plaintiff's counsel's use of image editing software, except to aver that any phone number associated with the information in Paragraph 34 would be the City of Richmond's phone number.  D&B denies the remaining allegations in Paragraph 34 of the Complaint.

35.     D&B denies that Hoovers contains Plaintiff's personal information.  D&B admits that Hoovers has contained professional contact information for Plaintiff as a municipal librarian at the City of Richmond, California, and that such information can be accessed in

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

different ways in Hoovers. D&B further admits that it displays this type of information in Hoovers, but only when it is responsive to a user's search query. D&B denies the remaining allegations in Paragraph 35 of the Complaint.

36. D&B denies that Hoovers contains Plaintiff's personal information. D&B further denies that the information in the alleged redacted screenshot in Paragraph 36 of the Complaint relates to the Plaintiff or an alleged class member but rather appears to relate to someone associated with a business with a New Albany, Ohio address. D&B lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 36 of the Complaint as to conduct by Plaintiff's counsel. D&B otherwise denies the remaining allegations in Paragraph 36 of the Complaint.

37. D&B admits that it grants a license to free trial users of Hoovers so they can familiarize themselves with the content and functionality within the publication, including the ability to search for professional contact information. D&B further admits that "search for contacts" and "search and build a list" are two functions available in Hoovers and that free trial users may type names (and/or any other or additional search criteria) into the search boxes. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint as to specific searches made, and therefore denies them, and otherwise denies the remaining allegations in Paragraph 37 of the Complaint.

38. D&B admits that "search for contacts" is one function available in Hoovers. D&B denies that typing in the name of a proposed class member in Hoovers yields a list of profiles matching Ms. Batis' name. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint as to whether the information in the alleged redacted screenshot in Paragraph 38 of the Complaint relates to the Plaintiff or an alleged class member, and therefore denies them. D&B lacks knowledge or

information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 38 of the Complaint as to conduct by Plaintiff's counsel. D&B denies the remaining allegations in Paragraph 38 of the Complaint.

39. D&B denies that Hoovers contains Plaintiff's or anyone else's personal information. D&B admits that Hoovers contains a "Download" function to enable paying subscribers to download professionals' contact information, and admits that downloads require credits in accordance with the applicable subscriber license. D&B further admits that Hoovers free trial users cannot download contact information. D&B denies the remaining allegations in Paragraph 39 of the Complaint.

40. D&B admits that it offers a license to free trial users so they can familiarize themselves with the content and functionality within the publication, including the ability to search for professional contact information. D&B further admits that a free trial user's license to access Hoovers ends upon expiration of the free trial period and therefore to continue using Hoovers after the free trial has ended, a free trial user must either purchase a Hoovers subscription or request an extension of the free trial. D&B otherwise denies the allegations in Paragraph 40 of the Complaint.

41. D&B admits that it offers several subscription plan options, which are available for various prices. D&B denies the remaining allegations in Paragraph 41 of the Complaint.

42. D&B denies that that Hoovers contains Plaintiff's or anyone else's personal information, and denies that it advertises Hoovers as such. D&B admits that Hoovers contains extensive information about businesses, government entities and other organizations that is useful to commerce and of public interest to society, including professional contact information (such as name, job title, employer address, work phone, and work email address, where available) for corporate officers, directors, and other employees and representatives of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

the entities in Hoovers. What Plaintiff describes in Paragraph 42 of the Complaint as "services" that are "delivered" by a Hoovers subscription are not services that stand independent of the publication. They are, instead, functional tools that are part of the publication itself. Hoovers is an integrated content publication that contains various functional tools that enable the user to access and obtain the available information in Hoovers by the user. [2] D&B refers to the document referenced in Paragraph 42 for the complete and accurate terms thereof and denies the remaining allegations in Paragraph 42 of the Complaint.

43.    D&B denies the allegations in Paragraph 43 of the Complaint.

44.    D&B denies that it has ever published Plaintiff's personal information. D&B lacks knowledge or information sufficient to form a belief as to Ms. Batis' knowledge of anything. D&B denies the remaining allegations of Paragraph 44 of the Complaint.

45.    D&B denies the allegations in Paragraph 45 of the Complaint.

46.    D&B is not obligated to answer the allegations in Paragraph 46 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the allegations in Paragraph 46 of the Complaint.

47.    D&B denies the allegations in Paragraph 47 of the Complaint.

48.    D&B denies that it has engaged in any illegal actions. D&B denies that it is using Plaintiff's "name and persona in advertisements." D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint relating to Plaintiff's alleged states of mind, and what caused those states of mind, and therefore denies them.

---

[2] Not all of the functional tools listed in Paragraph 42 are available with every Hoovers subscription, but for those subscribers who have access to the tools, the tools are part of Hoovers itself.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

49.     D&B denies that it has engaged in any illegal actions.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint relating to Plaintiff's alleged beliefs, feelings, and states of mind, and what caused those states of mind, and therefore denies them.

50.     D&B denies that it has engaged in any illegal actions.  D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint relating to Plaintiff's alleged beliefs and therefore denies them.  D&B denies the remaining allegations in Paragraph 50 of the Complaint.

### CLASS ACTION ALLEGATIONS

51.     D&B is not obligated to answer the allegations in Paragraph 51 of the Complaint because they are not factual allegations but, instead, an assertion of legal claims. To the extent an answer is required, D&B denies that it has ever obtained or published Plaintiff's or others' personal information, denies all other allegations in Paragraph 51 of the Complaint, and denies that any class should be certified.

52.     D&B is not obligated to answer the allegations in Paragraph 52 of the Complaint because they are not factual allegations but, instead, a description of the proposed class. To the extent an answer is required, D&B denies that any class should be certified.

53.     D&B is not obligated to answer the allegations in the first sentence of Paragraph 53 of the Complaint because they are not factual allegations but, instead, a legal conclusion. D&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of California residents whose professional contact information is in Hoovers, and therefore denies them.

54.     D&B is not obligated to answer the allegations in Paragraph 54 (a)–(f) of the Complaint because they are not factual allegations but, instead, legal conclusions. To the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

extent an answer is required, D&B denies the allegations in Paragraph 54 of the Complaint, and denies that any class should be certified.

55. D&B denies the allegations in Paragraph 55 of the Complaint and denies that any class should be certified.

56. D&B denies the allegations in Paragraph 56 of the Complaint and denies that any class should be certified.

57. D&B is not obligated to answer the allegations in Paragraph 57 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's counsel in Paragraph 57 of the Complaint and therefore denies them. D&B denies the remaining allegations in Paragraph 57 of the Complaint and denies that any class should be certified.

58. D&B is not obligated to answer the allegations in Paragraph 58 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the allegations in Paragraph 58 of the Complaint and denies that any class should be certified.

59. D&B is not obligated to answer the allegations in Paragraph 59 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the allegations in Paragraph 59 of the Complaint and denies that any class should be certified.

60. D&B is not obligated to answer the allegations in Paragraph 60 of the Complaint because they are not factual allegations but, instead, legal conclusions. To the extent an answer is required, D&B denies the allegations in Paragraph 60 of the Complaint and denies that any class should be certified.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**FIRST CAUSE OF ACTION**

**Violation of California Right of Publicity Statute, Cal. Civ. Code § 3344**

61.   D&B repeats and realleges the responses contained in Paragraphs 1 through 60 of this Answer and Defenses to Plaintiff's Complaint as though fully set forth herein.

62.   D&B is not obligated to answer the allegations in Paragraph 62 of the Complaint because they are not factual allegations but, instead, allegations concerning the contents of a statute.

63.   D&B denies the allegations in Paragraph 63 of the Complaint.

64.   D&B denies the allegations in Paragraph 64 of the Complaint.

65.   D&B is not obligated to answer the allegations in Paragraph 65 of the Complaint because they are not factual allegations but, instead, allegations concerning the contents of a statute.

66.   D&B denies the allegations in Paragraph 66 of the Complaint.

67.   D&B is not obligated to answer the allegations in Paragraph 67 of the Complaint because they are not factual allegations but, instead, a recitation of the remedies Plaintiff seeks in this action. To the extent an answer is required, D&B denies the allegations in Paragraph 67 of the Complaint and denies any liability.

**SECOND CAUSE OF ACTION**

**Tort of Appropriation of a Name or Likeness**

68.   D&B repeats and realleges the responses contained in Paragraphs 1 through 67 of this Answer and Defenses to Plaintiff's Complaint as though fully set forth herein.

69.   D&B is not obligated to answer the allegations in Paragraph 69 of the Complaint because they are not factual allegations but, instead, a purported legal citation.

70.   D&B denies the allegations in Paragraph 70 of the Complaint.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

71.     D&B is not obligated to answer the allegations in Paragraph 71 of the Complaint because they are not factual allegations but, instead, a recitation of the remedies Plaintiff seeks in this action.  To the extent an answer is required, D&B denies the allegations in Paragraph 71 of the Complaint and denies any liability.

### THIRD CAUSE OF ACTION

### California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

72.     D&B repeats and realleges the responses contained in Paragraphs 1 through 71 of this Answer and Defenses to Plaintiff's Complaint as though fully set forth herein.

73.     D&B denies the allegations in Paragraph 73 of the Complaint.

74.     D&B denies the allegations in Paragraph 74 of the Complaint.

75.     D&B denies the allegations in Paragraph 75 of the Complaint.

76.     D&B denies the allegations in Paragraph 76 of the Complaint.

77.     D&B denies the allegations in Paragraph 77 of the Complaint.

78.     D&B is not obligated to answer the allegations in Paragraph 78 of the Complaint because they are not factual allegations but, instead, Plaintiff's prayer for relief.  D&B denies liability and denies that Plaintiff and/or the proposed class is entitled to this or any other relief in this action.

### <u>DEFENSES</u>

Without assuming the burden to prove that which properly falls on Plaintiff or proposed class members, D&B asserts the following affirmative and other defenses as to each and every claim raised against it.  These defenses are based on D&B's knowledge, information and understanding of the allegations and belief at this time.  D&B intends to rely upon such other defenses as may become apparent or legally available at a subsequent stage of this action, and hereby reserves its right to amend, modify, supplement or develop such defenses, and to assert such other defenses as they may become available as the action progresses.

DMFIRM #413897346 v1                                      14

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack Article III standing.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no actual injury.

## THIRD DEFENSE

The Complaint and all of the purported causes of action contained therein are barred by the single publication rule in Cal. Civ. Code § 3425.3 and the statute(s) of limitation applicable to the causes of action.

## FOURTH DEFENSE

The Complaint and all of the purported causes of action contained therein are barred by the statute of limitations in Cal. Code Civ. P. § 339(1).  Alternatively, Plaintiff's right of publicity claims are barred by the statute of limitations in Cal. Code Civ. P. § 339(1), and Plaintiff's UCL claim is barred by the statute of limitations in Cal. Bus. & Prof. Code § 17208.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs fail to state a cause of action upon which relief may be granted.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 2 of the California Constitution.

## SEVENTH DEFENSE

Even if the Hoovers free trial could be properly viewed as an "advertisement" for Hoovers, the use of Plaintiffs' names in the free trial is protected under the First Amendment

DMFIRM #413897346 v1

15

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

of the U.S. Constitution as a use in advertising that merely reflects the content of the constitutionally protected advertised publication, Hoovers.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Hoovers and the free trial thereof are fully protected speech under the First Amendment of the U.S. Constitution; the right of publicity and unfair competition statutes and common law right of publicity are content-based laws; and as applied to Plaintiffs' claims those laws are not narrowly tailored to serve a compelling state interest.

## NINTH DEFENSE

Even if intermediate scrutiny could properly be held to apply to Plaintiffs' claims, the claims are barred because there is no substantial state interest to be achieved by the application of the right of publicity or unfair competition statutes or common law on right of publicity to D&B's speech, and the restriction imposed on D&B's speech is not proportional to any state interest.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because D&B's use of Plaintiffs' names and professional information is transformative and thus protected under the First Amendment.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because Hoovers and the free trial thereof are fully protected speech under the First Amendment of the U.S. Constitution, and Plaintiffs cannot prove, by clear and convincing evidence, that D&B acted with actual malice with respect to whether free trial users would believe Plaintiffs consented to the use of their names and professional information.

DMFIRM #413897346 v1

16

ANSWER TO COMPLAINT
CASE NO. 22-CV-01924-MMC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## TWELFTH DEFENSE

Even if the free trial could properly be viewed as commercial speech, which it cannot, Plaintiffs' claims are barred, in whole or in part, because the information at issue in the free trial of Hoovers is inextricably intertwined with fully protected speech.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the information at issue is truthful, was lawfully obtained, and concerns a matter of public significance, and the imposition of liability would not be narrowly tailored to serve a state interest of the highest order.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' name and likeness have no commercial value.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the information at issue is not being used for a commercial purpose.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the "public affairs" exception under California Civil Code § 3344(d), and by the "public interest" exception under common law.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the incidental use doctrine because any use by D&B of the information at issue was incidental.

## EIGHTEENTH DEFENSE

Plaintiffs' unfair competition claim is barred because Plaintiffs have not suffered injury in fact and/or have not lost of money or property as required by Cal. Bus. & Prof. Code § 17204.

DMFIRM #413897346 v1

17

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause to the extent Plaintiffs seek to apply California Civil Code § 3344 and/or Cal. Bus. & Prof. Code 17200 et seq. (the "UCL") to speech or conduct occurring outside California.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by California's extraterritoriality doctrine to the extent Plaintiffs seek to apply California Civil Code § 3344 and the UCL to speech or conduct occurring outside California.

## TWENTY-FIRST DEFENSE

In the alternative, Plaintiffs' claims are barred in whole or in part by the Communications Decency Act, 47 U.S.C. § 230, because Hoovers is an interactive computer service provider and Hoovers displays information created by and provided by third party information content providers.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are preempted in whole or in part by the Copyright Act. Hoovers is fixed in a tangible medium of expression and comes within the subject matter of copyright, and Plaintiffs' asserted rights are equivalent to the rights of reproduction, performance, distribution, or display of works or preparation of derivative works.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the information at issue (a) concerns government employees, (b) is made available by the government, and/or (c) is subject to disclosure under the California Public Records Act or other right-to-know laws.

## TWENTY-FOURTH DEFENSE

DMFIRM #413897346 v1

18

Plaintiffs' claims are barred, in whole or in part, because it would violate public policy to permit government employees and other representatives to demand monetary compensation for disclosure of their government title and government contact information.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiffs suffered any injury by reason of publication of their business contact information and other related public information, those injuries were not proximately caused by D&B. Plaintiffs are thus barred from recovery from D&B, in that any damage proven to have been sustained by Plaintiffs was caused by the intervening action or actions of Plaintiffs and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of D&B.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs consented, whether expressly or impliedly, to the conduct at issue.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' damages, if any, were the result of Plaintiffs' own comparative fault and the comparative fault of others; and D&B's liability, if any, must be reduced in proportion to Plaintiffs' comparative fault, and the comparative fault of all relevant third persons.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DMFIRM #413897346 v1

19

ANSWER TO COMPLAINT
CASE NO. 22-CV-01924-MMC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to receive punitive damages because Plaintiffs did not plead and cannot prove facts sufficient to support such an award under California Civil Code § 3294.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims for damages, including statutory damages under Cal. Civ. Code § 3344(a), are barred by the prohibition against excessive fines under the Eighth Amendment of the U.S. Constitution.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate damages.

## THIRTY-FOURTH DEFENSE

If Plaintiffs suffered any injuries or damages, those would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek injunctive or equitable relief.

## THIRTY-FIFTH DEFENSE

Plaintiffs are barred from obtaining injunctive relief because D&B's use of Plaintiffs' names and professional information is fully protected by the First Amendment and injunctive relief is presumptively an unlawful prior restraint on speech.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that individual class members have agreed to class action waivers pursuant to their or their employers' subscriptions to Hoovers or pursuant to the Terms of Use for Hoovers users. Thus, those Plaintiffs' claims must be brought solely in their individual capacities and may not be brought in a representative or consolidated

DMFIRM #413897346 v1

20

capacity.

## THIRTY-SEVENTH DEFENSE

With respect to each and every allegation of the Complaint, as the allegations relate to the request for class certification, class certification is not appropriate because the requirements of the Federal Rules of Civil Procedure are not met.  There is a lack of:

| | |
|---|---|
| I. | Numerosity |
| ii. | Commonality or community of interest |
| iii. | Typicality |
| iv. | An ascertainable class |
| v. | Adequate representation |
| vi. | Appropriateness of relief to the putative class as a whole |
| vii. | Predominance of common questions over questions affecting only individual class members |
| viii. | Substantial benefit to the litigants and the court; and |
| ix. | Superiority of a class action over other available methods for fair and efficient adjudication. |

## PRAYER FOR RELIEF

Wherefore, D&B prays that:

1.  Plaintiff and the putative class take nothing by way of their claims;

2.  D&B be awarded its costs of suit in defense of this action, including attorneys' fees where allowed by law; and

3.  D&B be awarded such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

D&B hereby demands a trial by jury on any claims, defenses, and/or issues so triable.

DATED:  September 27, 2024            BALLARD SPAHR LLP

By: */s/ Ashley I. Kissinger*
Ashley I. Kissinger
Elizabeth L. Schilken

*Attorneys for Defendant*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

DMFIRM #413897346 v1

21

DUN & BRADSTREET HOLDINGS, INC.

## **CERTIFICATE OF SERVICE**

I, Ashley Kissinger, hereby certify that I directed the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 27th day of September 2024.

BALLARD SPAHR LLP

By: */s/ Ashley Kissinger*
Ashley Kissinger
Email: kissingera@ballardspahr.com
BALLARD SPAHR LLP
1225 17th St., Suite 2300
Denver, CO 80202-5596
Telephone: (303) 376-2407
Facsimile: (303) 296-3956

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DMFIRM #413897346 v1

22

ANSWER TO COMPLAINT
CASE NO. 22-CV-01924-MMC