Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff*
[*Additional Attorneys for Plaintiff in Signature*]

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ODETTE R. BATIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUN & BRADSTREET HOLDINGS, INC.,<br><br>Defendant. | Case No. 3:22-cv-01924-MMC<br><br>**DECLARATION OF BRITTANY RESCH IN SUPPORT OF MOTION TO COMPEL ACCESS TO DEFENDANT'S WEBSITE**<br><br>Complaint Filed: March 25, 2022<br><br>Hon. Magistrate Judge to be appointed, Courtroom 7 |

Pursuant to 28 U.S.C. § 1746, the undersigned, Brittany Resch, declares as follows:

    1.    I am a partner at Strauss Borrelli PLLC and counsel for Plaintiff in this matter. I am admitted to practice before the Court in this matter and am a member in good standing of the bar of the state of Minnesota.

    2.    I also represent another plaintiff in a recently dismissed[1] action in the United States District Court for the District of New Jersey on behalf of a putative class of Ohio residents against

---

[1] *Debose v. Dun & Bradstreet Holdings, Inc.*, No. 22-0209 (ES) (JRA), 2025 U.S. Dist. LEXIS 41346, at *12-13, 18 (D.N.J. Mar. 7, 2025) ("[This] Court yields conclusive deference to the Sixth

Defendant Dun & Bradstreet, Inc. ("D&B") for violations of Ohio's Right of Publicity Statute, Ohio Rev. Code § 2741.01, *et seq.,* based on similar factual allegations—*DeBose v. Dun & Bradstreet Holdings, Inc.,* No. 22-cv-209 (D.N.J.). Mr. Debose and D&B were three years into discovery in *Debose*. D&B filed a motion to dismiss the case, and after it was fully briefed but remained pending, the court ordered two rounds of supplemental briefing. After a recent change in 6th Circuit law, *see* note 1, *supra*, the court dismissed *Debose* on a Rule 12 motion on March 7, 2025.

3.  Plaintiff Batis and Defendant agreed the scope of discovery in *Debose* and this matter was similar and informed this Court that, "[t]he Parties have agreed that discovery taken in the *Debose* matter, including documents produced by Defendant and testimony given by Defendant, can be used as if taken in this matter subject to objections regarding relevance or any other evidentiary objections." Dkt. 77 at 7:20-23. The discovery Plaintiff Batis has served on Defendant in this matter is nearly identical to that served in the related *Debose* action.

4.  On October 10, 2024, Plaintiff Batis served Request Nos. 18 and 19 on Defendant. A true and correct copy of those requests is attached hereto as **Exhibit 1**. The requests seek access to the free trial version and subscriber version of the Hoovers product.

5.  Defendant failed to respond timely. A true and accurate copy of email correspondence among the parties on this issue is attached hereto as **Exhibit 3**.

6.  Defendant eventually responded to Request Nos. 18 and 19 on November 22, 2024. A true and correct copy of those requests is attached hereto as **Exhibit 2.**

7.  On August 21, 2023, in the *Debose* action, D&B responded to identical requests seeking free trial and subscriber access to Hoovers by stating that it would "not produce login credentials for unrestricted access to the free trial or subscriber platforms of Hoovers." D&B and

---

Circuit's recent decision in *Hudson v. Datanyze, LLC*, No. 23-3998, 2025 U.S. App. LEXIS 749, 2025 WL 80806 (6th Cir. Jan. 13, 2025), . . . [which] recently upheld the district court's dismissal [under Rule 12(b)(6)] of plaintiffs' complaint for failure to plead that their personas had independent commercial value.")

Mr. Debose then began a year-long series of meet and confer emails and videoconferences regarding access to the website.

8. During those meet and confers, Mr. Debose explained why he needed access to the website. Defendant refused, insisting that Mr. Debose could learn all he needs to know about the website's operation via a time-limited and counsel-directed Rule 30(b)(6) deposition, during which D&B's witness would have full control over the website and what screens were visited. Mr. Debose took that deposition of D&B's corporate designee, Mr. Palmer, on July 19, 2023. Attached hereto as **Exhibit 8** are true and correct excerpts from Mr. Palmer's deposition transcript. At this deposition, for about an hour, plaintiff's counsel – for the first time and through Mr. Palmer – was able to see the Hoovers website live and direct Mr. Palmer to various areas. After that deposition, Mr. Debose continued to seek access to the Hoovers product and explain why the deposition of Mr. Palmer was insufficient to discover the information he needs to support his case and contest D&B's defenses.

9. To assuage D&B's concerns, Mr. Debose proposed that the parties agree to a protective order governing counsels' use of the website. Mr. Debose sent several examples of similar protective orders. Although D&B's counsel purportedly spent months considering these examples and discussing them with the client, no protective order was ever proposed by D&B in the *Debose* matter.

10. Plaintiff Batis proposed the same path forward– *i.e.*, that the parties would agree to a protective order governing counsels' use of the website. The Parties continued their negotiations via email and videoconference numerous times to discuss resolution of this dispute for both actions. The negotiations for access to Hoovers proceeded in *Debose* and in this action in parallel, until the *Debose* action was dismissed on March 7, 2025. A true and accurate copy of truncated email correspondence among the parties tracking some of their more recent meet and confer efforts is attached hereto as **Exhibit 4**.

11. On February 7, 2025, I prepared a draft of the stipulated protective order governing access to the free version of Hoovers and emailed it to Defendant. *See id*. at 6-7. This draft

protective order contained Defendant's proposal from January 29, 2025, with edits as the parties had negotiated via email and during a February 6, 2025, videoconference. *See id*. at 6-16. Attached hereto as **Exhibit 7** is a cleaned up version of that draft showing the terms on which the Parties agree.

12. During the March 4, 2025, videoconference, Defendant stated its final position had not changed from its position on February 25, 2025, on which the Parties were at impasse. Defendant's final position, as communicated to me, was:

    a. No access to the paid subscriber version, but Defendant would offer one additional Rule 30(b)(6) deposition for Plaintiff's counsel to have a corporate designee operate and demonstrate the website and record that use.

    b. For access to the free version, Defendant proposed:

        i. 15 non-contiguous days of access with the express agreement that Plaintiff's counsel could ask for more days if and when needed and those reasonable requests would not be denied;

        ii. Plaintiff's counsel could only take screenshots of the named Plaintiff and people employed by Plaintiff's counsels' firms (Strauss Borrelli PLLC, Morgan & Morgan, The Law Offices of Benjamin R. Osborn). Plaintiff's counsel would be expressly prohibited from taking screenshots of any other individuals that appeared in lists or elsewhere on D&B Hoovers;

        iii. All screenshots taken by Plaintiff's counsel must be shared contemporaneously with defense counsel or Defendant would lodge authenticity objections to the screenshots. This was expressly not a reciprocal condition (Defendant did not have to share screenshots it takes contemporaneously with Plaintiff's counsel).

13. Attached hereto as **Exhibit 5** and **Exhibit 6** are screenshots of marketing materials captured from Defendant's public facing website in March 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct, based on my knowledge, information, and belief.

Executed on this 14th day of March, 2025, in Minneapolis, Minnesota.

Dated: March 14, 2025        By:   */s/ Brittany Resch*
                                              Brittany Resch (*pro hac vice*)
                                              STRAUSS BORRELLI PLLC
                                              One Magnificent Mile
                                              980 N Michigan Avenue, Suite 1610
                                              Chicago IL, 60611
                                              Telephone: (872) 263-1100
                                              Facsimile: (872) 263-1109
                                              bresch@straussborrelli.com

DECLARATION OF BRITTANY RESCH IN SUPPORT OF MOTION TO COMPEL ACCESS TO DEFENDANT'S WEBSITE (CASE NO. 3:22-CV-01924-MMC)

**CERTIFICATE OF SERVICE**

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 14th day of March, 2025.

                    STRAUSS BORRELLI PLLC

                    By:  */s/ Brittany Resch*
                          Brittany Resch
                          STRAUSS BORRELLI PLLC
                          One Magnificent Mile
                          980 N Michigan Avenue, Suite 1610
                          Chicago IL, 60611
                          Telephone: (872) 263-1100
                          Facsimile: (872) 263-1109
                          bresch@straussborrelli.com